IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 22, 2025

## STATE OF TENNESSEE v. ALONZO FISHBACK

**Appeal from the Judgment of the Rutherford County Circuit Court**
**No. 62885        James A. Turner, Circuit Court Judge**

_____

### No. M2024-00643-CCA-R3-CD

_____

A Rutherford County jury convicted the Defendant, Alonzo Fishback, of especially aggravated kidnapping, aggravated assault, and possession of a weapon during the commission of a felony, for which he was sentenced to a total effective sentence of seventy-five years. The Defendant appealed his convictions, and this court affirmed, and he then unsuccessfully sought post-conviction relief. The Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentence was illegal because the proven facts of his case did not meet the necessary requirements to be convicted of especially aggravated kidnapping. The trial court denied this motion, stating that the Defendant's claim was not colorable under Rule 36.1. The Defendant maintains his argument on appeal. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Alonzo Fishback, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from a Rutherford County jury convicting the Defendant of especially aggravated kidnapping, aggravated assault, and possession of a weapon during the commission of a felony. *State v. Alonzo Fishback a/k/a Loranzo Wilhoite*, No. M2007-01971-CCA-R3-CD, 2008 WL 2521555, at *1 (Tenn. Crim. App. June 24, 2008), *perm.*

*app. denied* (Tenn. Aug. 31, 2009). In our previous appellate decision in *Alonzo Fishback v. State*, No. M2010-00900-CCA-R3-PC, 2011 WL 2565580, at *1 (Tenn. Crim. App. June 29, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011), we summarized the facts, and the following is a brief overview of those facts:

On April 25, 2005, the victim was the manager of Hot Spot Tanning in Smyrna, Tennessee. As she was cleaning a tanning bed, with one or two other clients in the establishment, the victim heard the Defendant enter the store, as there was a doorbell that rang when anyone entered or exited the store. The victim went to the front of the store and saw the Defendant at the front desk. Upon the Defendant's inquiry, the victim explained the various tanning packages and gave him information about the specials. She then helped another customer to a tanning bed and returned to the front of the store to find the Defendant still there. The Defendant asked to see a particular tanning bed, so the victim led him to the back of the store, entered the room first, and proceeded to explain the functions of the bed. When she turned back around, she saw the Defendant was in the room with her, blocking the door. He told the victim to take off her clothes and get in the tanning bed, and she told him no. He then approached her, and she put her hand on his chest to stop him from moving closer. The Defendant grabbed her wrist and held onto it and again told her to take her clothes off. She again refused. She then noticed something shiny in the Defendant's hand that she thought was a knife, so she grabbed his wrist to push it down to keep him from stabbing her. The Defendant had scissors in his hand.

At that moment, the doorbell rang, and the Defendant stepped backward out of the room and walked to the front of the store, where he saw no one. He turned around like he was going to come back down the hall toward the victim, so she banged on the door of a tanning room occupied by a client. The client responded that the room was occupied. The victim turned and told the Defendant to leave, which he did, and the victim locked the front door and called the police.

Based upon this evidence, the jury convicted the Defendant of especially aggravated kidnapping, aggravated assault, and possession of a weapon during the commission of a felony. The trial court held a sentencing hearing at which it determined that the Defendant was a career offender for the purposes of the especially aggravated kidnapping and aggravated assault convictions. The trial court sentenced the Defendant to sixty years for the especially aggravated kidnapping conviction and fifteen years for the aggravated assault conviction and ordered those two sentences be served consecutively. The trial court sentenced the Defendant as a Range I, standard offender to two years for the weapon conviction and ordered this sentence to be served concurrently to the sentences for especially aggravated kidnapping and aggravated assault, making the Defendant's total effective sentence seventy-five years.

On direct appeal, the Defendant contended that his convictions for especially aggravated kidnapping and aggravated assault should have been merged pursuant to *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991). The trial court disagreed, finding that "the confinement of the victim was (1) beyond that necessary to consummate the attack and the additional confinement of the victim; (2) prevented the victim from summoning help; and (3) lessened [the appellant's] risk of detection." Our court agreed and affirmed the judgments. The Defendant then sought post-conviction relief on the grounds of ineffective assistance of counsel, which the post-conviction court denied. *Alonzo Fishback v. State*, No. M2010-00900-CCA-R3-PC, 2011 WL 2565580, at *1 (Tenn. Crim. App. June 29, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011). We affirmed the post-conviction court's judgment.

In March 2024, the Defendant filed a pro se motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, arguing that his sentence was illegal because the proven facts of his case did not meet the necessary requirements to be convicted of especially aggravated kidnapping. In his motion, he asserted that his sentence was illegal because he disagreed with the findings of fact made by the jury and the conclusions of law made by this court in our previous decisions. The trial court summarily dismissed the motion, finding that the Defendant's argument did not present a colorable claim pursuant to Rule 36.1 because his argument was based upon whether the evidence was sufficient to sustain his convictions. As a result, the trial court denied the Defendant's motion. It is from this decision that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that he presents a colorable claim for relief because, while "especially aggravated kidnapping is an actual offense," the facts of the case did not meet the statutory elements in their entirety because he never "committed any serious bodily injury." The Defendant makes further argument about whether his offenses were actually committed or merely attempted. The State counters that the Defendant's argument is based upon whether the evidence is sufficient to sustain his convictions, which is not a colorable 36.1 claim, so the trial court did not err when it summarily dismissed his motion. We agree with the State.

Whether a motion states a colorable claim is a question of law and is reviewed *de novo*. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult

3

the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see Cantrell v. Easterling, Warden*, 346 S.W.3d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed a sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

Here, even considering the Defendant's allegations to be true, Rule 36.1 does not afford him relief. The claims that the Defendant asserts fall squarely within the category of what our supreme court has identified as appealable, as opposed to fatal, errors. *See Wooden*, 478 S.W.3d at 595 (citing *Cantrell*, 346 S.W.3d at 449-52) (identifying three categories of errors—"clerical errors, appealable errors, and fatal errors"—and stating that "[o]nly fatal errors render sentences illegal"). Appealable errors are "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Wooden*, 478 S.W.3d at 595 (*quoting Cantrell*, 346 S.W.3d at 449). In Wooden, our supreme court specifically identified as appealable errors those "claims 'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." *Wooden*, 478 S.W.3d at 595 (alterations in original) (quoting Cantrell, 346 S.W.3d at 450). The Defendant's assertions all amount to a challenge to the sufficiency of the convicting evidence, which issue is not cognizable in a Rule 36.1 proceeding. *See Wooden*, 478 S.W.3d at 595.

Because the Defendant failed to state a colorable claim, there is no error in the trial court's summary dismissal of the Rule 36.1 motion.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

4

_____s/ *ROBERT W. WEDEMEYER*__
ROBERT W. WEDEMEYER, JUDGE